## Holmes vs. The State.

The act of 20th December, 1854, declaring the citizens living on the east fork of Illinois bayou, in Van Buren county, to be citizens of the county of Pope, with the rights and privileges thereof, did not have the effect to transfer any part of the territory of Van Buren county to Pope county; and so, upon the trial of an indictment, alleging the offence to have been committed in Pope county, proof that it was committed on the east fork of Illinois bayou, in Van Buren county, does not sustain the allegation.

*Appeal from the Circuit Court of Pope County.*

Hon. John J. Clendenin, Circuit Judge.

Ford, for the appellant.

Hollowell, Attorney General, for the State.

Mr. Chief Justice English delivered the opinion of the Court.

At the September term, 1857, of the Pope Circuit Court, Holmes was indicted for an assault and battery upon Daniel Sullivan. The venue was laid in Pope county. He was tried upon the plea of not guilty, convicted, and appealed to this Court.

From a bill of exceptions taken by the appellant the following facts appear:

On the trial, Napier, a witness for the State, testified, that on the 4th of April, 1857, Holmes, Sullivan, and several other persons were at the house of witness, attending a justice's court, which was held there at that time. A difficulty commenced. Holmes and Sullivan quarreled, and the former kicked the latter several times. Witness did not know whether

the difficulty occurred in Pope county or not. It took place about fifteen yards from his house, which is upwards of half a mile out of Pope county, in Van Buren county, according to the old established lines. But the Legislature passed a law in 1854, (witness believed,) declaring that all persons who lived on the east prong of Illinois Bayou, in Van Buren county, should be citizens of Pope county, and have all the rights and privileges of citizens. Witness was living on the east prong of Illinois bayou, in Van Buren county, at the time the law was passed, and ever since. He lived on the said east prong on the territory included in the act of the Legislature. According to the former, or old lines, he lived in Van Buren county, but under the act of 1854, he lived in Pope county. This being all the testimony introduced, the counsel for Holmes moved the court to instruct the jury as follows:

" If the jury believe from the evidence, that the offence was committed half a mile over the line of Pope county, on the east prong of Illinois bayou, in Van Buren county, they should acquit the defendant."

Which the Court refused to give, but on the part of the State, gave the following instruction:

" If the jury believe from the evidence, that the crime was committed on the east prong of Illinois bayou, on the territory included in the act of the Legislature, passed in 1854, the venve is sufficiently proven, and the jury are fully authorized to find that the offence was committed in Pope county."

In prosecutions by indictment or presentment, the accused hath a right to a speedy public trial, by an impartial jury of the county or district in which the crime shall have been committed. *Bill of Rights, sec.* 11.

The indictment in this case alleges that the offence was committed in Pope county, and it was incumbent on the State to prove the allegation.

By act of 12th January, 1853, a part of Van Buren county was attached to Pope county, and the line dividing the two counties distinctly designated. *Acts of* 1852, *p.* 193.

11

By an act supplemental thereto, approved 20th December, 1854, it is declared, " That all those citizens living on the east fork of the Illinois bayou, in the county of Van Buren, are declared to be citizens of the county of Pope, with the rights and privileges thereof." *Acts of* 1854, *p.* 61.

According to the testimony of the witness, Napier, the territory on which the offence was committed, was in Van Buren county, unless the act of 20th December, 1854, transferred it to, and made it a part of Pope county. Was such the effect of the act, as supposed by the Court below, in its charge to the jury.

The act does not purport, in its terms, to change the line between the two counties, or to transfer any territory from one to the other. If the Legislature had intended to take from Van Buren county, a part of its territory and add it to Pope county, it is but reasonable *to* suppose that *the* territory intended to be thus transferred would have been designated by metes and bounds, so that the dividing line between the two counties would have been distinctly defined, and left in no uncertainty.

If it be supposed that the Legislature intended by the act of 20th December, 1854, to transfer a part of the territory of Van Buren to Pope county, how much territory was thus transferred? Where now is the dividing line between the two counties?

The constitution contemplates a division of the territory of the State into counties, each county to contain not less than 900 square miles; and in order to accomplish, in the administration of government, the various local, political and civil purposes for which the State is thus divided, without confusion, it is of great importance that the boundaries, and the lines dividing them, should be clearly marked and defined.

The constitution guarantees to every citizen certain rights and privileges to be enjoyed, and requires him to perform certain duties in the county in which he resides, and there should be no confusion or uncertainty as to the particular county in which he is to enjoy these rights and privileges, and perform such duties.

As above remarked, the act in question does not purport, in its terms, to transfer a part of the territory of Van Buren county to Pope county, and there are no good reasons or rules of construction to favor the conclusion that it does by implication.

It merely undertakes to declare that persons living *on the east fork* of Illinois bayou, in *Van Buren county*, shall be citizens of the county of Pope, with all the rights and privileges thereof. Whether it be constitutionally competent for the Legislature to disregard county lines, and to confer upon persons residing in one county the rights of citizens in another, need not now be decided. All that need be decided in this case, and which we do decide, is that the act did not have the effect to transfer any part of Van Buren county to Pope county. It follows that the Court below erred in instructing the jury as above set forth, on the part of the State, and that the judgment must be reversed, and the cause remanded, etc.